UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. PERAZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br><br>　　　　Defendant. | No. CV 14-2656 AGR<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Carlos A. Peraza filed this action on April 22, 2014. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On October 2, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

　　　　Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# PROCEDURAL BACKGROUND

On December 1, 2010, Peraza filed an application for disability insurance benefits alleging an onset date of February 3, 2010. AR 10, 114-19. The application was denied initially and on reconsideration. AR 10, 52, 56. Peraza requested a hearing before an Administrative Law Judge ("ALJ"). AR 75-76. On November 13, 2012, the ALJ conducted a hearing at which Peraza and a vocational expert ("VE") testified. AR 26-51. On December 5, 2012, the ALJ issued a decision denying benefits. AR 7-20. On February 19, 2014, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

## B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Peraza has the severe impairments of cervical degenerative disc disease, headaches, vertigo, obesity, and posttraumatic stress disorder. AR 12. His impairments do not meet or equal a listing. He has the residual functional capacity ("RFC") to perform light work, except he can sit and stand a half hour; sit for up to four hours in an eight-hour day; stand for four hours in an eight-hour day; and occasionally stoop, kneel, crouch, and crawl. He should not work with the public, and should be limited to solitary work. AR 14. He is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform such as electronics worker. AR 18-19.

## C. Treating Physician

Plaintiff contends the ALJ did not properly consider the opinion of Dr. Pardo, his treating physician for infectious diseases. AR 35.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

In a letter dated October 26, 2012, Dr. Pardo stated that Plaintiff "has been dealing with chronic depression, [o]besity, Sjogren's disease and other chronic organic and mental diseases that ha[ve] made him impaired to work due to extreme fatigue, malaise, generalized pain and mental health stressors." AR 485.

At the hearing, the ALJ acknowledged receiving "a brief narrative statement by Dr. [] Pardo."[2] AR 30. The ALJ's decision agrees Peraza has conditions that impair his ability to work and, accordingly, does not reject that opinion. The decision discusses the treating records of Dr. Pardo as well as the treating psychologist and neurologist. AR 16, 447-72. Although it would have been better if the decision had expressly mentioned Dr. Pardo's letter, the ALJ's failure to do so under these circumstances is not fatal. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

Dr. Pardo's treatment records documented visits during February-August 2012. The records indicated Peraza received routine, follow-up treatment for HIV, which was

---

[2] The ALJ identified the letter as Exhibit 24F. However, the exhibits were renumbered after one exhibit was removed as not belonging to Peraza. AR 34. The letter is now 23F.

controlled with medication. AR 16, 447-72. The RFC determination accounted for impairments due to fatigue, malaise, generalized pain and mental health stressors. AR 14. The ALJ did not err. Alternatively, any error was harmless.

### D. Lay Witness Testimony

Peraza contends the ALJ did not properly consider his daughter's statements.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted).

The ALJ considered the March 24, 2011 third party function report by Peraza's daughter. AR 18. She indicated Peraza was fatigued with frequent head or body aches, and experienced stress, panic attacks, and occasional depression and anxiety. AR 172, 174, 176-77. The ALJ discounted her opinion on the following grounds: (1) her statements were not supported by medical evidence; (2) she was not competent to make a diagnosis or argue the severity of Peraza's symptoms; and (3) Ms. Peraza was an interested party. AR 18.

Inconsistency with medical evidence is a germane reason to discount lay witness statements. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *see also* 20 C.F.R. § 404.1529(c)(3) (a factor to be considered in evaluating third-party statements is their consistency with the objective medical evidence and the record). Peraza argues the ALJ cannot discredit lay testimony due to lack of supporting medical evidence, citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011), and *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). District courts have reconciled the *Taylor* and the *Bayliss* lines of cases by finding that an ALJ may reject lay testimony

5

that is affirmatively inconsistent with medical evidence, but may not reject lay testimony when medical records are silent regarding the limitations described by the lay witness. *See Lemus v. Colvin*, 2014 WL 4078659, at *4 n.3 (C.D. Cal. Aug. 15, 2014); *Grisel v. Colvin*, 2014 WL 1315894, at *14 (C.D. Cal. Apr. 2, 2014); *Rivera v. Colvin*, 2013 WL 6002445, at *2-*4 (D. Or. Nov. 12, 2013); *Atwood v. Astrue*, 742 F. Supp. 2d 1146, 1152 (D. Or. Sept. 23, 2010); *Staley v. Astrue,* 2010 WL 3230818, at *19 (W.D. Wash. July 27, 2010).

Here, the medical evidence was inconsistent with Ms. Peraza's lay witness statements. AR 15-16. CT scans of the head revealed no acute abnormalities. AR 15, 229, 236. A MRI of the brain in January 2011 showed stable small scattered nonspecific white matter lesions and no new intracranial abnormalities compared to a May 2010 CT and a July 2008 MRI. AR 277. A MRI of the cervical spine showed minimal degenerative changes at C4-C5 and C5-C6 levels with mild left foraminal stenosis at the C4-C5 level. AR 17, 278-79. Peraza's physical examinations and neurological examination were generally unremarkable. AR 225-26, 235-36, 365-66. With respect to Peraza's mental limitations, the ALJ found that Peraza should be limited to solitary work and should not work with the public. AR 14, 18. Otherwise, the ALJ noted generally normal mental status examinations with the exception of anxious mood, and routine follow-up examinations. AR 17-18, 281-302, 318, 360-63, 385, 419-22. On May 2, 2011, a consultative psychiatric examiner found no psychiatric basis to prevent Peraza from working. AR 319.

The ALJ erred in relying on Ms. Peraza's interest to discount her lay witness statements. "[R]egardless of whether they are interested parties, 'friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his or] her condition.'" *Valentine*, 574 F.3d at 694 (citation omitted). Evidence that a lay witness "exaggerated a claimant's symptoms *in order* to get access to his disability benefits, as opposed to being an 'interested party' in the abstract, might suffice to reject that [person's] testimony." *Id.* (emphasis in original).

6

However, the ALJ's error is harmless in this case. "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our harmless error precedent to deem the ALJ's failure to discuss the lay witness testimony to be prejudicial per se." *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012); *Valentine*, 574 F.3d at 694 (when ALJ provided clear and convincing reasons for rejecting claimant's testimony and lay witness' testimony was similar, "it follows that the ALJ also gave germane reasons for rejecting the [lay witness'] testimony."). Here, the lay witness did not identify material limitations that were not already generally described by Peraza. The ALJ articulated sufficient reasons supported by substantial evidence for discounting Peraza's credibility, and Peraza does not contend otherwise. Any error was harmless.

### E. Step Five of the Sequential Analysis

Peraza contends the ALJ erred at step five because the job that the ALJ found he could perform is inconsistent with the Dictionary of Occupational Titles ("DOT").

At step five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry*, 468 F.3d at 1114. If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits. *Id*. "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id*.

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts

with the Dictionary of Occupational Titles."[3] *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (footnote omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009). Social Security Ruling ("SSR") 00-4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the VE's testimony, and "then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]."[4] *Massachi*, 486 F.3d at 1153.

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.* at 1435. Remand may not be necessary if the procedural error is harmless, i.e., when there is no conflict or if the VE had provided sufficient support for her conclusion so as to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

Peraza argues that the ALJ erred in determining that he could perform the job of electronics worker, which is light work. "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10). Peraza argues that these requirements exceed his RFC, which specified sitting and standing at the half hour, sitting for up to four hours and standing up to four hours in an eight-hour workday. AR 14. Peraza argues that neither the ALJ nor the VE articulated reasons for departing from the DOT.

---

[3] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

[4] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

Although the ALJ in this case did not ask the VE whether her testimony conflicted with the DOT, the ALJ asked the VE to assume a hypothetical individual of Peraza's age, education and background at the light exertional level with the need to sit and stand at the half hour, with the totals being four hours of sitting and four hours of standing.[5] AR 46-48. The VE testified that the electronics worker job allowed for a sit/stand option. AR 48 ("you're at like a table where you could sit or stand"). The VE excluded packaging jobs because packaging is medium work and "most packagers are standing . . . and don't have that much ability to sit." AR 49. Therefore, the VE provided sufficient support for her conclusion to justify any potential conflicts. Any error was harmless. *See Massachi*, 486 F.3d at 1154 n.19.

### IV.

### ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: November 21, 2014

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[5] The hypothetical also included occasional stooping, kneeling, crouching and crawling; no exposure to the public; and a limitation to solitary work. AR 47-48.